# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 25, 2021

```
* * * * * * * * * * * * * * *
MARIA SWICKI,                        *        PUBLISHED
                                     *
            Petitioner,              *        No. 17-1377V
                                     *
v.                                   *        Special Master Nora Beth Dorsey
                                     *
SECRETARY OF HEALTH                  *        Petitioner's Motion for a Decision
AND HUMAN SERVICES,                  *        Dismissing Her Petition; Influenza ("Flu")
                                     *        Vaccine; Shoulder Injury Related to Vaccine
            Respondent.              *        Administration ("SIRVA").
                                     *
* * * * * * * * * * * * * * *
```

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On September 28, 2017, Maria Swicki ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination she received on October 3, 2014. Petition at Preamble (ECF No. 1). On January 7, 2021, the undersigned issued a ruling finding onset of petitioner's shoulder pain began in April 2015, approximately six months after the administration of her flu vaccine on October 3, 2014. Fact Ruling dated Jan. 7, 2021 (ECF No. 75).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On February 24, 2021, petitioner moved for a decision dismissing her case, stating that "petitioner has determined that she will be unable to prove entitlement to compensation in the Vaccine Program and that to proceed further would unnecessarily expend the resources of the Court, the respondent, and the Vaccine Program." Petitioner's Motion for a Decision Dismissing Her Petition, filed Feb. 24, 2020, at ¶ 8 (ECF No. 81). Petitioner states that she understands that a decision by the Special Master will result in a judgment against her and end all of her rights under the Vaccine Act. Id. at ¶ 9. Petitioner intends to file an election rejecting the Vaccine Program judgment against her and file a civil action. Id. at ¶ 11.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 11(c)(1), 13(a)(1)(A). The records submitted by petitioner show that she does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
